[No. 4451.]

MOFFAT v. THE BLUE RIVER GOLD EXCAVATING Co.

1.   Mines and Mining—Placer Claims—Discovery—Trespass.

A discovery of mineral made by going upon and prospecting a prior valid placer location, without the consent of the owner, will not support a subsequent relocation of the placer claim.

2.   Mines and Mining—Placer Claims—Adverse Suits—Burden of Proof.

In an adverse suit where plaintiff contests defendant's right to a patent to a placer claim upon the ground that plaintiff has a prior legal placer location upon the premises, to make a prima facie case plaintiff must show, in addition to other requirements of the law, that at the time he made his location the ground was not covered by a prior location, and if it should appear from his testimony that the land was covered by a prior location, he must show that such prior location was invalid, or had been forfeited or abandoned.

3. **Mines and Mining—Assessment Work—Abandonment—Evidence.**

In an adverse suit testimony that the assessment work done by defendant was not of the value required by law is not sufficient to show abandonment by defendant.

4. **Mines and Mining—Adverse Suit—Evidence—Nonsuit.**

Where in an adverse suit plaintiff's evidence showed that at the time he initiated his claim the land in controversy was claimed by others and there was some evidence of a compliance with the law by the other claimants, and plaintiff failed to show that the land was open to location, he was properly nonsuited.

5. **Adverse Suits—Nonsuit—Appellate Practice.**

Where in an adverse suit plaintiff was properly nonsuited because he failed to show that at the time of his attempted location the land was subject to location, he is not in a position to urge objections to other rulings of the court and the appellate court will only consider the question presented by the granting of the motion for nonsuit.

*Appeal from the District Court of Summit County: Hon. Frank W. Owers, Judge.*

Mr. C. W. FRANKLIN, for appellant.

Mr. SAM W. JONES and Messrs. MORRISON & DE SOTO, for appellee.

Mr. JUSTICE STEELE delivered the opinion of the court.

The suit was brought in the district court of Summit county by D. H. Moffat, the appellant here, in support of his adverse claim against the application for patent to three certain placer claims situate in the Consolidated Union and Spaulding Mining Districts in Summit county; the plaintiff claiming that at the time of the bringing of the suit, and since the 31st day of March, 1900, he was the owner and in the actual possession of the Kate S., the Lafe Junior and the Clara C. placer mining claims. The same premises, at the time of the location by the plaintiff's grantors, were claimed by the defendant

under placer locations.  The plaintiff alleges that the description by metes and bounds of the pretended B. & L. No. 1 placer, the B. & L. No. 2 placer and the Annie placer are identical with the boundaries of the Kate S. placer, the Clara C. placer, and the Lafe Junior placer, respectively.  On January 1, 1898, P. H. Ryan, for and on behalf of the appellant, posted location notices upon the ground covered by the B. & L. No. 1, the B. & L. No. 2, and the Annie locations, claiming them as three placer claims under the names mentioned in the complaint, to wit: The Kate S., the Lafe Junior and the Clara C.  During the month of September preceding several excavations were made upon the ground by persons named Ryan, Marks and Miller, who at that time found that the land was valuable as a placer.  In the dirt washed by them at that time they found gold, and Miller states in his testimony that he found gold on two of the placers.  Ryan testified that when they went upon the ground in September they found that some work had been done.  They found holes there with notices in them: "This is assessment work for the year 1897," naming the claims.  The witness Marks testified that in November, 1897, he made a copy of the location certificates of the B. & L. No. 1, the B. & L. No. 2, and the Annie, and gave them to Miller, and that when he was upon the ground in November, 1897, he found most all of the corners of the B. & L. claims and the Annie standing on the ground.  The witness Miller testified further that at the time he made the pannings he knew the ground was taken up, but that he thought it would be abandoned.  The names of Miller and Ryan appear on the location certificates of the Clara C. and the Kate S.; the names of Miller, Ryan and Marks appear on the location certificate of the Lafe Junior.  Miller and Ryan both testified that in their opinion three

hundred dollars' worth of work had not been done upon this ground prior to the 1st day of January, 1898. No witness was produced upon the trial who testified that the stakes required by the statute to be set had been set under the location made in January, 1898, but witnesses testified that they found several stakes upon the ground bearing the initials and the number of the corners of each of the placers. At the close of the testimony, the court granted a nonsuit and permitted the defendant to prove its claim. The verdict was in favor of the defendant and that it was entitled to the ground in controversy, and judgment was rendered in accordance therewith. The court held in granting nonsuit that the discovery made at the instance of the locators of the placers in the fall of 1897 was not a valid one because at the time of the discovery the ground was not vacant and unappropriated public land. This ruling was correct. It was held by this court in the case *The Clipper Mining Co. v. The Eli Mining and Land Co.,* reported in 29 Colo., at page 377, that one may not go upon a prior valid placer location and prospect for unknown lodes and get title to lode claims thereafter discovered and located in this manner within the placer boundaries, unless the placer owner has abandoned his claim, waived the trespass, or by his conduct is estopped to complain of it. The case was recently affirmed by the supreme court of the United States. Mr. Justice Brewer, in the course of the opinion, said: "It is contended that because a vein or lode may have its apex within the limits of a placer claim a stranger has a right to go upon the claim, and, by sinking shafts or otherwise, explore for any such lode or vein, and on finding one obtain a title thereto. That, with the consent of the owner of the placer claim, he may enter it and make such exploration, and if successful, obtain title to the vein

or lode, cannot be questioned. But can he do so against the will of the placer locator? If one may do it, others may, and so the whole surface of the placer be occupied by strangers seeking to discover veins beneath the surface. Of what value then would the placer be to the locator? Placer workings are surface workings, and if the placer locator cannot maintain possession of the surface, he cannot continue his workings. And if the surface is open to the entry of whoever seeks to explore for veins, his possession can be entirely destroyed.''

The principle stated applies to the relocation of a placer. These claims were attempted to be located on the 1st day of January, A. D. 1898, in the early hours of the morning. If the owner had not complied with the law and filed certificates of annual labor, and had not done the necessary amount of work upon the claims, the land embraced therein was forfeited and reverted to the public domain on the 1st of January, 1898. The claimants made no discovery at the time of the posting of notice on January 1, 1898, but base their right of location upon a discovery made in the fall of 1897; the ground, they claim, having been abandoned prior to January 1, 1898. There was no proof of abandonment other than that offered which tended to show that there had not been three hundred dollars' worth of work done on the claims during the year 1897. It appears that some work was done on the claims during the year 1897, and notices posted. The plaintiff does not claim that the law is otherwise than is stated in the opinions quoted, but insists that it has no application to this case. That unless it appears from his testimony that the land upon which he made a discovery was in the possession of another under a valid and subsisting location or entry, that his case was made out when proof of the discovery and loca-

tion was made, and that the burden of showing a prior valid location was cast upon the defendant; that after the defendant had closed its case he should have been permitted to show abandonment in rebuttal. This we do not regard as sound doctrine. The plaintiff contested the issuance of patent to the defendant upon the ground that he had the legal right to the premises in controversy by virtue of a full compliance with the law and by actual prior possession of the ground as a placer mining claim located on the public domain. To make out a *prima facie* case he was required to establish, in addition to the other requirements of the law, that the ground was not covered by a prior location, or if it should appear from his testimony that the land was covered by a prior location, that such location was invalid; that the claimant had forfeited his right to the land by failure to comply with the law, or that the claim had been abandoned.

In this case the plaintiff's testimony showed that the land was covered at the time he made his original discovery and location by a prior location; that the men ,who went upon the land to make the discovery knew that it had been taken up; that they used the description of the prior location in making their location certificates by copying from the records of the county the original location certificates; that they found upon the ground excavations in which had been placed notices stating that the work was the assessment work for the year 1897; that they found nearly all the corners of the original locations of the three placers standing on the ground. It was then incumbent upon the plaintiff to prove that these claims were invalid or that they had been abandoned. No effort was made to show that the locations were not in conformity to the law, and forfeiture was not pleaded. Witnesses testified that in their opinion

three hundred dollars' worth of work had not been done, but this, when considered with the claim that the work done was for the assessment of 1897, is not sufficient to establish abandonment. Abandonment is a matter of intention, and takes place whenever the claimant of a mining claim goes away with no intention of returning to it and with the intention of leaving it open for the next applicant. If the claimants did not perform the requisite amount of labor upon the claim for the year 1897, they may have intended to evade the provisions of the law, but the fact that they claimed to have done the necessary work and posted notices that they made such claim is pretty good evidence that they did not intend to abandon the claim. The question of what amount of proof is necessary in an adverse suit was before the court in the case of *Cleary v. Skiffich,* 28 Colo. 362. In that case it was held: ''All the acts necessary to constitute a valid location of the lode claim were put in issue by the answer. The court instructed the jury, in substance, that a location of a mining claim must be made upon unoccupied public domain, but as there was no testimony offered on the part of the plaintiffs to prove that their location was upon unappropriated mineral lands, the court should have given the instruction requested by the defendant and advised the jury, that in the absence of evidence on this point, the plaintiff could not recover.''

Upon the authority of this case the district court properly granted the motion for nonsuit, because the plaintiff not only failed to prove that the land was open to location, but did prove that it was claimed by others; that location certificates had been filed in the recorder's office of the proper county, that the claims had been staked and that some work had been done upon them. His proof, then, fell far short of showing a right in him to make the location, and the

court was entirely right in assuming for the purposes of the case that the land was covered by a valid and subsisting location or entry; and we are of opinion that when it appears from the testimony of the plaintiff in an adverse suit that the land in controversy was, at the time the plaintiff initiated his claim, claimed by others, and there is some evidence of a compliance with the law on the part of the other claimants, that the court should assume for the purposes of the suit that the land is covered by a valid and subsisting location or entry, and that the plaintiff, in order to make out his *prima facie* case, must show that the land is vacant and unappropriated.

The plaintiff objected to the defendant's cross-examining witnesses or participating in the trial, upon the ground that it had not complied with section 10 of an act relating to corporations, found on page 121, Session Laws of 1901. The court reserved judgment upon the objection and did not pass upon it. After the nonsuit was granted the objection was renewed, and the court overruled the objection upon the ground that the plaintiff was no longer interested in the litigation and was not in a position to make the objection. The plaintiff objected to several of the instructions given, but the court held that he was not a party and therefore could not object. After the nonsuit was granted the proceedings became *ex parte*, and it is not material in this review of the case to consider any other question than that presented by the granting of the motion for nonsuit. In the case *McMillen et al v. Ferrum Mining Co.*, 32 Colo. 38, it was said: ''A number of rulings of the district court have been attacked as erroneous, and argued by counsel, which, were appellants in a position to complain, would merit most careful consideration. But since we have reached the conclusion that the trial court was right when it instructed the jury

that plaintiffs were not entitled to recover because they had not shown a valid discovery of mineral in their location, it follows that many of the rulings attacked, even if wrong, are not prejudicial to plaintiffs, and we, therefore, determine only that assignment relating to such discovery, as it is the only one of which they may complain.''

The language thus employed is peculiarly applicable to the case now before us, and the rule of practice there announced is decisive of this case in so far as it relates to questions raised after the motion for nonsuit was granted. The plaintiff having failed to establish a valid discovery and location, the court properly granted a nonsuit, and he was not prejudiced by the opening remarks of counsel to the jury of which he complains, nor the refusal of the court to permit him to introduce an amended location certificate. The judgment is therefore affirmed.

The former opinion is withdrawn.

*Affirmed.*