LOZAR, APPELLANT, *v.* NEILL ET AL., RESPONDENTS.

(No. 2,533.)

(Submitted June 11, 1908. Decided June 18, 1908.)

[96 Pac. 343.]

*Mines and Mining—Adverse Suits—Nonsuit—When Proper—Practice.*

Mines and Mining—Adverse Suits—Plaintiff's *Prima Facie* Case—Requirements.
  1.  In an adverse suit to determine the relative rights of the parties to patent to a quartz lode claim, the plaintiff must, in order to make out a *prima facie* case, show, in addition to the other requirements of the law, that at the time he made his location the ground was not covered by a prior location or, if his testimony discloses that a prior location had been made, that the claimant had forfeited his right to the land by failure to comply with the law, or that the claim had been abandoned.

Same—Adverse Suits—Nonsuit—When Proper.
  2.  Nonsuit was properly granted in an adverse suit where plaintiff, in making out his *prima facie* case, not only failed to prove that the ground in controversy was open to location, but did show that there was some evidence upon the premises that the ground was claimed by someone else.

Same—Adverse Suits—Proceedings After Nonsuit—Practice.
  3.  After plaintiff in an adverse suit is nonsuited for failure to show that at the time of his attempted location the ground was subject to entry, he has no further right to participate in the trial, but is a stranger to the proceedings so far as defendant's affirmative case is concerned.

Same—Adverse Suit—Proceedings After Nonsuit—Presumptions.
  4.  While, in an adverse suit, after the granting of a nonsuit for failure of plaintiff to establish a *prima facie* case, the hearing of defendant's case became *ex parte*, the presumption nevertheless obtains that all proceedings were regular and the judgment for defendant correct.

Courts—Practice.
  5.  Courts must proceed according to established practice.

*Appeal from District Court, Lewis and Clark County; Thos. ·C. Bach, Judge.*

ACTION by Joseph Lozar against John S. M. Neill and an-·other. From a judgment of nonsuit plaintiff appeals. Affirmed.

*Messrs. Galen & Mettler,* for Appellant.

On cross-examination the plaintiff stated that the Violet Jane ·claim, the stakes of which he saw in 1898, had been abandoned ·at the time that he swung his lines in 1903. This testimony tended to prove an abandonment of any claim that might have ·existed in 1898, and on the motion for a nonsuit this was sufficient. (*Soyer* v. *Great Falls Water Co.,* 15 Mont. 5, 37 Pac. ·838; *Holter Lumber Co.* v. *Fireman's Fund Ins. Co.,* 18 Mont. .288, 45 Pac. 207; *State* v. *Benton,* 13 Mont. 322, 34 Pac. 301; *Morse* v. *Board of Commrs.,* 19 Mont. 453, 48 Pac. 745.) On the review of a motion for a nonsuit, everything which the evi-·dence tended to prove will be assumed to be true. (*Herbert* v. *King,* 1 Mont. 479; *Gans* v. *Woolfolk,* 2 Mont. 463; *Creek* v. *McManus,* 13 Mont. 157, 32 Pac. 675; *Wetzstein* v. *Joy,* 13 Mont. ·444, 34 Pac. 876; *Mayer* v. *Carothers,* 14 Mont. 288, 36 Pac. 182; *Powers* v. *Klenzie,* 15 Mont. 179, 38 Pac. 833; *Jensen* v. *Barbour,* 15 Mont. 586, 39 Pac. 906; *State* v. *Conrow,* 19 Mont. 106, 47 Pac. 640; *Emerson* v. *Eldorado Ditch Co.,* 18 Mont. 254, 44 Pac. :969.)

Counsel for the defendants in support of the motion for ¯nonsuit relied upon the case of *Moffatt* v. *Blue River Gold Ex-·cavating Co.,* 33 Colo. 142, 80 Pac. 139, and the court announced that it considered that case as conclusive of the motion against ¯the plaintiff. A comparison will disclose that the facts in the ·Colorado case, as established by the plaintiff *prima facie,* were ·essentially different from the facts in this case.

Ground does not cease to be unoccupied, within the meaning of the laws of Congress, where possession is simply taken by a person who does not proceed to comply with the requirements of the laws relating to the location of a mining claim. (1

Snyder on Mines, sec. 154; citing *Belk* v. *Meagher,* 104 U. S. 284, 26 L. Ed. 735; *Sparks* v. *Pierce,* 115 U. S. 408, 6 Sup. Ct. 102, 29 L. Ed. 428; *Harris* v. *Equator M. & S. Co.,* 8 Fed. 865, 3 McCrary, 14; *Chapman* v. *Toy Long,* 4 Saw. 28, Fed. Cas. No. 2610; *McKinstry* v. *Clark,* 4 Mont. 370, 1 Pac. 759; *Hopkins* v. *Noyes,* 4 Mont. 550, 2 Pac. 280; *Garfield M. & M. Co.* v. *Hammer,* 6 Mont. 53, 8 Pac. 153; *McCormick* v. *Varnes,* 2 Utah, 355.) The locator of a mining claim takes as by grant from the government, and the possessory right thereby acquired is real estate. (*Hopkins* v. *Noyes,* 4 Mont. 550, 2 Pac. 280.) The plaintiff in an action to quiet title need, therefore, only prove his grant from the government, which he does by showing discovery and a valid location, and he need not show that his grantor, the government, has never made a prior grant of the same ground to anyone else. If such grant has been made, it devolves upon the defendant to show it. (*Garfield M. & M. Co.* v. *Hammer,* 6 Mont. 53, 8 Pac. 153. See, also, *Woody* v. *Hines,* 30 Mont. 189, 76 Pac. 1.)

It has not been directly decided in this state whether a nonsuit in an adverse suit is proper under any circumstances. In Colorado it has been held proper, while in Wyoming the contrary has been held. (1 Snyder on Mines, sec. 724; 27 Cyc. 613, note 78.) This court has strongly intimated, if not directly decided, that a nonsuit should never be granted in an equity case. (*Stevens* v. *Trafton,* 36 Mont. 520, 93 Pac. 811.)

*Messrs. Carpenter, Day & Carpenter,* for Respondents.

MR. JUSTICE SMITH delivered the opinion of the court.

This is what is ordinarily termed an "adverse suit." On May 22, 1906, the defendants made application at the United States land office in Helena for a patent to the Violet Jane quartz lode mining claim. On July 21, 1906, plaintiff filed in the land office a protest against the issuance to defendants of patent to a certain portion of the Violet Jane lode claim alleged by him to be in conflict with a part of the Sunrise lode claim owned

by him, and on August 14, 1906, began this action to determine
the relative rights of the parties. The cause was tried in the
district court of Lewis and Clark county. It is alleged in the
complaint that plaintiff and his predecessors in interest located
the Sunrise quartz lode mining claim on June 25, 1898, and
that on- or about June 24, 1903, after the plaintiff had become
the sole owner of the claim, "he discovered that an error had
been made in locating and staking the vein, and that the claim,
as located, lay at right angles to the true course of the lode or
vein on its strike, thereby covering but six hundred feet of the
vein, instead of fifteen hundred feet, and that, for the purpose
of correcting said error and acquiring the full fifteen hundred
feet in length along the course of the strike of said vein, the
plaintiff, on June 24, 1903, amended the location of the said Sun-
rise lode or vein by swinging the same from an easterly and
westerly course, as the same was first located, to a northerly and
southerly direction, thereby locating the same along the true
course of the said vein or lode on its strike." It is further al-
leged that, at the time the plaintiff and his predecessors in
interest went upon the public domain of the United States for
the purpose of locating their claim, the land was "wholly vacant,
unoccupied, and unappropriated." Again it is set forth: "That
the defendants pretend to have, own, and claim a certain alleged
mining claim, known as the Violet Jane lode or vein, designated
by the field-notes and official plat- thereof, on file in the United
States land office at Helena, on application for patent, as Survey
No. 7,835, and alleged to be recorded in the records of Lewis and
Clark county, Montana, on December 7, 1905. That the defend-
ants, under and by virtue of a pretended appropriation and
location of the said Violet Jane lode or vein, claim an interest
or estate in a portion of the Sunrise lode or vein, comprising an
area of ten and eighteen-hundredths acres, adversely to the
plaintiff, which said claim on the part of the defendants is with-
out right, unlawful, and wholly unfounded. That no valid dis-
covery or any discovery of minerals was ever made upon the
said pretended Violet Jane lode or vein, and the same has never

been staked and located as required by law, and plaintiff avers that the same is not now and never has been a valid, subsisting and *bona fide* mining claim.''

The defendants by their answer put in issue the plaintiff's allegation that the ground located by him was, at the time, vacant, unoccupied, and unappropriated, and then proceed to allege, by what is denominated a cross-complaint, that on or about January 1, 1898, their predecessors in interest discovered and located the Violet Jane quartz lode mining claim; that on or about October 5, 1905, they caused the claim to be surveyed for the purpose of obtaining a patent therefor; that ''after said survey had been made, and in order to make the location of the claim upon the ground correspond to the boundaries as described in the survey, and to cure any defects or errors which may have existed in the original location of the claim, and for no other purpose, on December 7, 1905, they filed their amended or additional declaratory statement of the location of the claim * * * in accordance with the provisions of the Act of the legislative assembly of the state of Montana approved March 15, 1901, for the purpose of obtaining the benefits of said Act, and for no other purpose.''

In his reply the plaintiff alleged that all rights acquired under the original location of the Violet Jane quartz lode mining claim by the defendants and their predecessors had become forfeited by failure to do the annual representation work required by law, ''by reason whereof the said pretended Violet Jane quartz lode mining claim, alleged by the defendants to have been located on January 1, 1898, became and was a part of the public domain prior to and at the time of the amending of the location of the Sunrise lode or vein by the plaintiff.'' It is also alleged ''that prior to and at the time of the amending of said location by plaintiff the said pretended location of the Violet Jane quartz lode mining claim became and was abandoned by said pretended locators and their successors in interest, and was at the time of said amending of said location, and for a long time prior thereto, a part of the public domain of the United States.''

There is no allegation in the answer that either the defendants or their predecessors, the original locators of the Violet Jane quartz lode mining claim, were or are citizens of the United States.

The plaintiff offered no proof at the trial that at the time of his original location, or at the time of his amended location, the ground in controversy was unoccupied and unappropriated land open to location. He did, however, offer in evidence ·a declaratory statement, sworn to by him and filed for record on August 12, 1898, wherein the following recital appears: "The boundaries of the Sunrise are defined in the south by the 'Violet Jane,' in the north by the claim worked by Merritt, our claim being a fraction between the two mentioned claims," and the record shows that on cross-examination he testified as follows:

"Q.   Mr. Lozar, were you out there in 1898 when the Sunrise claim was originally located?

"A.   Yes, sir.

"Q.   You knew of the location on the ground of the Violet Jane at that time, didn't you?

"A.   Know about the location?

"Q.   What?

"A.   Not about the location of the Violet Jane.

"Q.   Didn't you know that in 1898, when you went out there and located that claim, that the Violet Jane was staked there on the ground?

"A.   Yes, sir.

"Q.   And you called for it in your original notice of location, didn't you?

"A.   That is the Sunrise?

"Q.   Yes; but look here, didn't you call for the Violet Jane in the Sunrise?

"A.   I don't see any Violet Jane here.   Well, that is adjoining.

"Q.   I see it.   I say by that paper you knew that the Violet Jane was there on the ground?

"A.   Yes; I saw some stakes there.

"Q. Now, in 1903, when you changed your location, so as to get across the Violet Jane, you knew the Violet Jane was staked there on the ground?

"A. Yes; but it was abandoned."

Aside from the foregoing testimony, no effort was made by the plaintiff to prove that the Violet Jane quartz lode mining claim had been either abandoned or forfeited at any time; he contending at the trial that he was under no obligation to offer such proof until after the defendants had established a valid location on their part. The court held throughout the trial that it was necessary for the plaintiff to make a *prima facie* showing that the ground was open to location, and at the close of plaintiff's case the defendants made the following motion for a nonsuit: "Comes now the defendant, the plaintiff having rested, and moves for a nonsuit upon the ground that the plaintiff has failed to show a valid location of the area in conflict herein at the time when the ground was open, unoccupied mineral lands belonging to the United States and subject to location as a part of the Sunrise quartz lode mining claim. This motion is based upon the proposition that in a suit in support of an adverse claim the burden of proof is upon the plaintiff to show three facts: First. That the land was unoccupied mineral lands at the time of the location of the claim by the plaintiff. Second. Where it appears to have been covered by a location notice, the plaintiff must show either (a) that the location of the prior claim was void; or (b) that the prior claim has been forfeited for nonperformance of annual labor; (c) a valid location by plaintiff at a time when the ground was open, the burden of proof being upon the plaintiff to establish these facts. He has failed in this case to establish either one of the three."

The position taken by plaintiff's counsel in resisting the motion for a nonsuit may be shown by the following extract from the record:

"Defendants' Counsel: The proposition is this: You do not show that it is public domain. It may belong to someone else.

"Plaintiff's Counsel: Someone else should show it.

"The Court: It belongs to the government. It may belong to someone else. Defendants may not own it at all, and you have got to prove that at the time you take and enter upon the property that it is public domain of the United States, free and clear from any claim at all. That you haven't proved, although you have alleged that it was public domain. I shall grant the motion for a nonsuit."

We are satisfied that the ruling of the district court was correct. Plaintiff's statement that the Violet Jane claim had been abandoned was not evidence of a fact, but simply the conclusion of a layman, an interested party. The case of *Moffat* v. *Blue River Gold Excavating Co.*, 33 Colo. 142, 80 Pac. 139, is so nearly identical with the one at bar that we quote the following from the opinion: "The plaintiff insists that unless it appears from his testimony that the land upon which he made a discovery was in the possession of another, under a valid and subsisting location or entry, his case was made out when proof of the discovery and location was made, and that the burden of showing a prior valid location was cast upon the defendant; that, after the defendant had closed its case, he should have been permitted to show abandonment in rebuttal. This we do not regard as sound doctrine. The plaintiff contested the issuance of patent to the defendant upon the ground that he had the legal right to the premises in controversy by virtue of a full compliance with the law, and by actual prior possession of the ground as a placer mining claim located on the public domain. To make out a *prima facie* case, he was required to establish, in addition to the other requirements of the law, that the ground was not covered by a prior location, or, if it should appear from his testimony that the land was covered by a prior location, that such location was invalid, that the claimant had forfeited his right to the land by failure to comply with the law, or that the claim had been abandoned.  *  *  *  The question of what amount of proof is necessary in an adverse suit was before the court in the case of *Cleary* v. *Skiffich*, 28 Colo. 362, 89 Am. St. Rep. 207, 65 Pac. 59. In that case it was held: 'All the acts necessary to con-

stitute a valid location of the lode claim were put in issue by the answer. The court instructed the jury, in substance, that a location of a mining claim must be made upon unoccupied public domain; but, as there was no testimony offered on the part of the plaintiffs to prove that their location was upon unappropriated mineral lands, the court should have given the instruction requested by the defendant, and advised the jury that, in the absence of evidence on this point, the plaintiff could not recover.' Upon the authority of this case, the district court properly granted the motion for nonsuit, because the plaintiff not only failed to prove that the land was open to location, but did prove that it was claimed by others, that location certificates had been filed in the recorder's office of the proper county, that the claims had been staked, and that some work had been done upon them. His proof, then, fell far short of showing a right in him to make the location, and the court was entirely right in assuming, for the purposes of the case, that the land was covered by a valid and subsisting location or entry; and we are of opinion that, when it appears from the testimony of the plaintiff in an adverse suit that the land in controversy was at the time the plaintiff initiated his claim, claimed by others, and there is some evidence of a compliance with the law on the part of the other claimants, the court should assume, for the purposes of the suit, that the land is covered by a valid and subsisting location or entry, and that the plaintiff, in order to make out his *prima facie* case, must show that the land is vacant and unappropriated."

After the nonsuit had been entered against the plaintiff, the defendants proceeded to introduce testimony relative to the location of the Violet Jane lode, whereupon plaintiff's counsel claimed the right to interpose objections, cross-examine witnesses, and offer testimony in rebuttal. The court, however, ruled that plaintiff was a stranger to the proceedings so far as the defendants' affirmative case was concerned, and excluded him from further participation in the trial. The defendants offered in evidence the original notice of location of the Violet Jane quartz lode mining claim, wherein it was recited that the locators

were citizens of the United States, and thereupon the defendant Henry Neill testified that, when the amended location was made by the defendants, they were both citizens of the United States. The court afterward ordered the entry of a judgment in favor of the defendants in accordance with the allegations and prayer of their answer, and from that judgment plaintiff has appealed.

Did the trial court err in excluding the plaintiff from the case after he had been nonsuited? We think not. The same question arose in the case of *Moffat* v. *Blue River Gold Excavating Co., supra,* and, as we also agree with the conclusion reached by the Colorado court on that branch of the case, we again quote from the opinion: "After the nonsuit was granted, the objection was renewed; and the court overruled the objections upon the ground that the plaintiff was no longer interested in the litigation, and was not in a position to make the objection. The plaintiff objected to several of the instructions given, but the court held that he was not a party, and therefore could not object. After the nonsuit was granted, the proceedings became *ex parte;* and it is not material, in this review of the case, to consider any other question than that presented by the granting of the motion for nonsuit. In the case of *McMillen et al.* v. *Ferrum Mining Co.,* 32 Colo. 38, 105 Am. St. Rep. 64, 74 Pac. 461, it was said: 'A number of rulings of the district court have been attacked as erroneous, and argued by counsel, which, were appellants in a position to complain, would merit most careful consideration. But, since we have reached the conclusion that the trial court was right when it instructed the jury that plaintiffs were not entitled to recover, because they had not shown a valid discovery of mineral in their location, it follows that many of the rulings attacked, even if wrong, are not prejudicial to plaintiffs, and we therefore determine only that assignment relating to such discovery, as it is the only one of which they may complain.' The language thus employed is peculiarly applicable to the case now before us, and the rule of practice there announced is decisive of this case, in so far as it relates to questions raised after the motion for nonsuit was granted. The

plaintiff having failed to establish a valid discovery and location, the court properly granted a nonsuit; and he was not prejudiced by the opening remarks of counsel to the jury of which he complains, nor the refusal of the court to permit him to introduce an amended location certificate.''

It is urged by the appellant that the citizenship of the locators of, and applicants for a patent to, the Violet Jane lode claim is a fundamental matter to be considered by this court in any event; but the record shows that *prima facie* proof of citizenship was actually made at the trial, and the matter of pleading, as a foundation therefor, is one in which the plaintiff after nonsuit had no interest. While the trial court heard the defendants' case *ex parte,* the presumption is that all proceedings were regular and the judgment correct.

In order to settle the practice in this state, we hold that a nonsuit is proper in these so-called adverse cases where the plaintiff fails to establish his case, and that after such nonsuit he has no further right to participate in the trial. These cases are somewhat anomalous, in that the defendant must proceed to introduce testimony in support of his claim, even though the plaintiff is no longer his adversary and the United States government is not a party to the action, to the end that the court may determine whether either party is entitled to a patent. Inasmuch as the legislative assembly in 1903 (Laws 2d Extra. Sess. 1903, p. 7), revised the practice so that nearly all equity cases can be finally disposed of by one appeal to this court, it may be suggested that in causes like the one at bar the more expeditious practice would be that trial courts should not order nonsuits, but should hear the testimony of both sides so that but one trial would be necessary; but this is a matter for the legislature to regulate. Courts must proceed according to established practice.

The judgment of the district court is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.