(February 8, 1886.)

## CARSON ET AL. v. THEWS.

[9 Pac. 605.]

FINDINGS—CONCLUSIONS OF LAW—IF NOT RESPONSIVE TO ISSUES WILL NOT SUPPORT JUDGMENT.—By this appeal two questions are presented for consideration here: 1. Are the findings of fact responsive to the issues? 2. Are the conclusions of law supported by the findings of fact? Findings of fact must be responsive to all the material issues raised by the pleadings. Conclusions of law based upon findings of fact outside the issues raised by the pleadings cannot be sustained, and will not support a judgment.

Kimball & Heywood, for Appellants.

*Mandamus* is the proper remedy to enforce the performance of this duty, by the auditor, where, as is the case under the law of this territory, the duty is purely ministerial. (High on Extraordinary Legal Remedies, sec 104, note 1, and sec. 17; *Turner v. Melony,* 13 Cal. 621; *Babcock v. Goodrich,* 47 Cal. 488.) The facts admitted by respondent's answer must be considered in connection with facts found by the court, and given the same weight as the findings. (Hayne on New Trial and Appeal, sec. 240; *Sift v. Muygride,* 8 Cal. 445; *Fox v. Fox,* 25 Cal. 590; *Burnett v. Stears,* 33 Cal. 473; *Bradbury v. Crouise,* 46 Cal. 289; *McDonald v. M. V. H. Assn.,* 51 Cal. 210; *Teachy v. Craig,* 55 Cal. 93.) Counties are created for the purpose of government and the administration of justice, and are charged with civil and political duties, and hence, on grounds of public

policy, are not liable to garnishment. (*Divine v. Harvie,* 7 T. B. Mon. 439, 18 Am. Dec. 194, and notes at p. 200; *Merrill v. Campbell,* 69 Wis. 535, 5 N. W. 912; *Merwin v. Chicago,* 45 Ill. 133, 92 Am. Dec. 204.)

D. P. B. Pride, Attorney General, for Respondent.

No brief on file.

BRODERICK, J.—In the court below judgment was rendered against the plaintiffs, and they appealed from the judgment. The complaint alleges in substance that the plaintiffs were co-partners; that on and prior to December 22, 1882, they had a contract with the county of Oneida to construct a courthouse for said county; that in pursuance of the contract they constructed the building; that on the twenty-seventh day of February, 1883, the board of county commissioners accepted said building from plaintiffs; that on the first day of March, 1883, the said board held a meeting, and the plaintiffs presented their account to the commissioners for the construction of the building; that the commissioners passed upon and allowed said account of plaintiffs, and found due thereon the sum of $3,060.25, and made and entered an order that warrants be issued to the plaintiffs for the amount allowed.

It is further alleged that the plaintiffs, on the first day of March, 1883, presented said order to the defendant, the auditor of said county, and demanded the issue of the warrants, and that the auditor refused, and still refuses, to issue the same. The complaint demanded the issuance of a writ of mandate commanding the defendant to issue and deliver to the plaintiffs the warrants described in the complaint, and an alternative writ was issued.

The defendant answered, and denied that the plaintiffs were copartners, and denied that they contracted with the county for the construction of a courthouse; and further answering averred, in substance, that immediately upon the completion of said contract and its acceptance by said board of county commissioners there was served upon defendant a garnishment by the sheriff of Oneida county in a cause then pending in the district court of said county, wherein the Salmon River Min-

ing and Smelting Company was plaintiff and Charles Carson
was defendant, whereby defendant was prohibited and pre-
vented from drawing and delivering the warrants in favor of
the said Charles Carson & Co., and was directed and com-
manded to deliver said warrants to said sheriff; that the
garnishment was served before the presentation of the order of
the board of commissioners by Charles Carson, and before he
requested defendant to issue and deliver the warrants to him.

Upon the issue thus joined the cause was tried, and the court
found the following facts and conclusions of law: "1. That
the defendant William B. Thews was, on or about the twenty-
fourth day of February, 1883, served with a writ of attachment
in the case of *Salmon River Min. etc. Co. v. Carson,* and the
warrants mentioned in the complaint in this action were at-
tached in his hands pursuant to said writ. That this attach-
ment was made prior to the demand of plaintiffs herein upon
said Thews to have said warrants issued and delivered to them.
2. That said action of the Salmon River Mining and Smelting
Company against Charles Carson has since proceeded to judg-
ment, and said judgment still remains unsatisfied; 3. That
the plaintiffs Charles Carson and J. K. Fowler were not co-
partners, under the firm name of Charles Carson & Co., or any
other name, at the time mentioned in the complaint; 4. That
said above-named warrants mentioned in plaintiffs' complaint
were the individual property of Charles Carson and were sub-
ject to levy under the attachment in the case of *Salmon River
Min. etc. Co. v. Carson.*"

The court finds the following conclusions of law: 1. That
William B. Thews, recorder of Oneida county, Idaho, was and
is under no legal obligation, and it was not his duty, to de-
liver said warrants to plaintiffs herein, but that it was and
is his duty to deliver the same to the sheriff of Oneida county,
to be by said sheriff sold in satisfaction of the judgment in
said case of the Salmon River Mining and Smelting Company
against Charles Carson. It is therefore ordered that the writ
herein be dismissed absolutely."

There are two questions presented by this appeal: 1. Are
the findings of fact responsive to the issues made by the plead-
ings? 2. Do the findings support the conclusions of law drawn
from the facts?

It is well settled that our system requires a finding upon every material issue. This applies, not only to the issues raised by the allegations of the complaint, but also to the issues raised upon affirmative defenses in the answer.

The defense pleaded and relied upon herein, and the one upon which the court below based its findings and judgment, is in the averment that in another action, wherein the Salmon River Mining and Smelting Company was plaintiff and Charles Carson defendant, the question involved in this action had been adjudicated and finally settled. Are the allegations of the answer in this regard sufficient? We think not. Our system of pleading is liberal; yet it requires that the ultimate facts upon which a party expects to rely upon the trial of his cause must be pleaded. To plead another action pending, by merely alleging that a cause had been commenced and was pending, is not sufficient under our practice.

There is here no averment in the answer that Carson was summoned in the former action, or that he ever appeared voluntarily or otherwise, or that a judgment had been rendered against him. In short, there is not an allegation that sufficiently shows that there was another action pending in which the court had acquired jurisdiction over Carson, nor that the questions involved in the case at bar had been adjudicated. Hence findings 1, 2, and 4 are without the issues. These findings of fact not being supported by the pleadings, it necessarily follows that the conclusions of law based thereon are unsupported, and the judgment erroneous.

For these reasons we think the judgment should be vacated, and the cause remanded for further proceedings. As the cause may be retried in the court below upon amended pleadings, and may there be finally settled, we have not inquired into the merits of the controversy, and express no opinion thereon.

Judgment reversed, and cause remanded to the court below for further proceedings in accordance with the views herein expressed.

Hays, C. J., and Buck, J., concurring.