## FISKE v. CASEY.

### No. 15,354; March 28, 1894.

36 Pac. 668.

**Appeal—Finding Outside of the Issues.**—Findings of fact on issues not made in the pleadings cannot be considered for the purpose of supporting the judgment.

**Appeal—Specification of Error.**—On Appeal It is not Necessary to specify that the evidence is insufficient to support a finding not embraced in the issues.

**Mortgage.**—In an Action to Declare a Deed Absolute on its face a mortgage, and to foreclose same, a finding by the court that, prior to its maturity, plaintiff had claimed such mortgage to be an absolute conveyance, and refused performance of the obligation, and that such refusal stopped the running of interest after maturity, is error, when no such issue is presented.

APPEAL from Superior Court, City and County of San Francisco; Walter H. Levy, Judge.

Action by Asa Fiske against E. J. Casey, administrator of Henry Shoulters, to foreclose a mortgage. From a judgment for $163.91, and for the foreclosure of the mortgage, and an order denying a new trial, plaintiff appeals. Reversed.

Daniel Titus for appellant; Benjamin Healey and T. Z. Blakeman for respondent.

HARRISON, J.—September 14, 1881, Henry Shoulters made a promissory note to the appellant for the sum of $150, with interest payable at the rate of three per cent per month in advance, and compounding monthly until paid. At the same time, he executed to the appellant, as security for its payment, a conveyance, absolute in form, of certain real property in San Francisco. Shoulters died at San Francisco in 1883, and in February, 1892, the respondent, Casey, was appointed administrator of his estate. March 23, 1892, the appellant presented his claim against the estate, upon the aforesaid note and conveyance, to the respondent, for allowance, and, it having been rejected by him, brought this action for the purpose

of having said deed adjudged to be a mortgage upon the land described therein, and for the sale of said land to satisfy the amount of the said note. The defendant admits these allegations of the complaint, and sets up as a defense that in March, 1892, prior to the presentation of the claim to him, he had applied to the plaintiff to ascertain the amount due upon the note, for the purpose of paying the same, and having the property discharged from the lien of the mortgage, and that upon such application the plaintiff declared to him that the instrument of conveyance was not a mortgage, but was a deed absolute, and that he was the owner of the property, and that the plaintiff then refused to entertain any offer from the defendant to pay off and discharge the mortgage. The cause was tried by the court, and judgment rendered in favor of the plaintiff for the sum of $163.91, the amount of the promissory note, with interest up to the date of its maturity, and for the foreclosure and sale of the land described in the instrument. Plaintiff moved for a new trial, which was denied, and from that order, as well as from the judgment, he has appealed.

The court finds "that, prior to the maturity of the obligation created by the note and mortgage described in the complaint, the plaintiff claimed that said mortgage was a deed absolute, and that he was thereby the owner of the property therein described, and refused to accept performance of said obligation before any offer of performance was made, and did not, after such refusal, and before performance was due, give any notice of his willingness to accept performance." This finding is outside of any issue in the case, and cannot be considered for the purpose of supporting the judgment. The judgment itself depends upon this finding, as the theory upon which it was given is that the refusal therein found stopped the running of interest upon the note. It is unnecessary to determine whether this theory is correct, or whether the evidence in support of the averment of refusal in the answer would sustain such a finding, as the court has not made any finding upon this averment, and the finding which it has made is outside of any issues in the case. There is no averment in the complaint or answer that the plaintiff made any claim of ownership in the property, or refused to accept performance of the obligation in the note prior to its maturity, or prior to

the date at which the defendant alleges that he sought to effect a release of the lands from the mortgage; and, even if it be assumed that the evidence before the court would sustain this averment in the answer, it would not authorize a finding that such claim or refusal had been made at any previous date. A claim by the plaintiff in March, 1892, that the deed was absolute, or a refusal by him at that time to accept payment upon the note, would not impair his right to recover the amount of the promissory note according to its terms up to that date.

Annexed to the note, and apparently upon the same piece of paper, was the following: "Please send, at my risk and request, by mail or otherwise, written or printed notice of when the annexed note falls due to me, Henry Shoulters." And the court finds that no notice was ever given by the plaintiff to Shoulters of the time when the note would fall due. It is urged by the respondent that the effect of these words is that the note did not mature until such notice was given, or at least did not mature until the presentation of the claim to the administrator. If this theory be correct, it would follow that the "maturity of the obligation" referred to in the above-quoted finding did not exist until such demand in 1892, and that the court erred in not allowing interest upon the note up to that date. We think, however, that this request annexed to the note did not have the effect to postpone the maturity of the note until the holder should elect to give such notice.

The objection by the respondent that the plaintiff has not sufficiently specified the particulars in which the evidence is insufficient to support the decision in unavailing. It is never necessary to specify that the evidence is insufficient to sustain a finding which is not embraced within the issues, as the finding itself is unauthorized, even though it be supported by evidence. We do not mean, however, to say that the specification in the present case is insufficient. It directed the attention of the defendant to the particular finding which it claimed was unsustained by the evidence. The judgment and order are reversed.

We concur: Paterson, J.; Garoutte, J.