(January 7, 1908.)

PETER LATER, RICHARD LATER and SAMUEL S. LATER, a Copartnership, Doing Business Under the Firm Name and Style of LATER BROS., Appellants, v. MARTHA HAYWOOD, Respondent.

[93 Pac. 374.]

FINDINGS—SPECIFICATIONS OF ERROR—MATERIAL ISSUES.

1. Where an appeal is taken from a judgment within sixty days from the rendition thereof, to authorize this court to examine the evidence for the purpose of determining whether the evidence supports the findings and judgment, it is necessary that the appellant specify the particulars in which it is alleged the evidence fails to support the findings and judgment, and such specification of error must be embodied in and be a part of the bill of exceptions.

2. Where the appellant specifies in his brief that the evidence does not support the findings and judgment, and fails to specify such error in the bill of exceptions, this court will not examine the evidence for the purpose of determining whether or not it supports the findings and judgment.

3. Where the trial court fails to find on all the material issues, the judgment will be reversed unless a finding thereon either for or against the successful party would not affect the judgment entered.

4. The finding of ultimate facts includes the finding of all probative facts necessary to sustain the findings of the ultimate facts.

5. Where probative facts are found, and the court can declare that the ultimate facts necessarily result from the facts which are found, the finding is sufficient.

6. Where the court fails to find on the material issues in the case, and if a finding had been made thereon the judgment might have been different, it is reversible error.

7. Where the findings made are not conclusive against the plaintiff's right to recover, findings upon other issues necessary to support the judgment must be made.

(Syllabus by the court.)

APPEAL from the District Court of the Sixth Judicial District for Fremont County. Hon. J. M. Stevens, Judge.

Action to declare a deed in form, a mortgage. Judgment for defendant. Plaintiffs appeal. *Reversed.*

Caleb Jones, for Appellants.

Failure to find on all material issues is ground for the reversal of the judgment. (*Paulson v. Nunan,* 54 Cal. 123; *Byrnes v. Claffey,* 54 Cal. 155; *Pacific Bridge Co. v. Kirkham,* 54 Cal. 558; *DuPrat v. James,* 61 Cal. 361; *Duane v. Neumann,* 2 Pac. 274; *Hawes v. Green,* 3 Pac. 496; *Porter v. Muller,* 65 Cal. 512, 4 Pac. 531; *Casey v. Jordan,* 68 Cal. 246, 9 Pac. 99, 305.)

"Where the verdict is opposed to the testimony of the defendant, and other disinterested witnesses, who contradict the testimony of plaintiff, upon which, alone, the verdict rests, it will be set aside." (*Chicago etc. Ry. Co. v. Herring,* 57 Ill. 59.) In this case the findings rest absolutely upon the evidence of the defendant, which is contradicted by fourteen witnesses and eight written exhibits presented by the plaintiffs.

Holden, Holden, Holden & Holden, for Respondent.

The findings of the trial court respond to the issue in this suit and support the judgment. It is not necessary to make findings as to merely probative facts.

As appellants have failed to point out in their assignments of error the particulars in which the evidence is said to be insufficient to support the findings, this court will not consider

the objection. (*Kyle et al. v. Craig*, 125 Cal. 107, 57 Pac. 791.)

The bill of exceptions in this case does not contain an exception to the decision of the court, either upon the grounds of the insufficiency of the evidence to sustain it or upon any other ground.

The law requires that an exception to the decision of the court upon the ground of the insufficiency of the evidence to sustain it shall be incorporated in the bill of exceptions, and that the objection must specify the particulars in which such evidence is alleged to be insufficient. (Sec. 4428, Rev. Stat.; *Hole v. Van Duser*, 11 Ida. 79, 81 Pac. 109.)

"Where the matters which are found necessarily defeat the plaintiff's right of recovery, it is unnecessary that the findings should dispose of any further issues." (*Smith v. Dubost*, 148 Cal. 622, 84 Pac. 38.)

STEWART, J.—This case was before this court on a former appeal from a judgment of nonsuit, entered after the plaintiffs had concluded their evidence, and is reported in the 12th Idaho, at page 78, 85 Pac. 494. Upon reversal of the judgment of nonsuit, the cause was retried in the district court and findings of fact, conclusions of law and a decree entered in said cause, in favor of the defendant. From this judgment the plaintiffs appeal. The appellants assign fifty-six errors, fifty-five of which are errors of law alleged to have occurred during the trial of said cause. Specification 56 is as follows: "The findings of fact in this case are wholly insufficient to support the judgment in that they do not respond to the issues in this case; that they are not definite nor certain; that they are contradictory; that they are not supported by the evidence; that they are contrary to the evidence; and that no findings have been made of the most material issues in the case, as presented by the pleading."

A large part of appellants' brief is devoted to a discussion of the question as to whether each finding is supported by the evidence, and as to whether the evidence supports the judgment of the court. Sec. 4807, Rev. Stat., provides that

"an exception to the decision or verdict, on the ground that it is not supported by the evidence, cannot be reviewed on appeal from the judgment, unless the appeal is taken within sixty days after the rendition of the judgment." The judgment in this case was made and filed on the 19th day of December, 1906, and the appeal was taken within sixty days thereafter. Sec. 4428, Rev. Stat., provides: "No particular form of exception is required. But when the exception is to the verdict or decision upon the grounds of the insufficiency of the evidence to sustain it, the objection must specify the particulars in which such evidence is alleged to be insufficient. The objection must be stated, with so much of the evidence or other matter as is necessary to explain it, and no more. Only the substance of the reporter's notes of the evidence shall be stated. Documents on file in the action or proceeding may be copied, or the substance thereof stated, or a reference thereto sufficient to identify them may be made."

These two sections must be read together, and while the former provides that a decision of the court may be reviewed on appeal when the appeal is taken within sixty days from the rendition of the judgment, the latter section provides that where the exception is to the decision of the court, upon the ground of insufficiency of the evidence to support the judgment and findings, the bill of exceptions must contain the specifications of the particulars in which the evidence is alleged to be insufficient to sustain the findings or judgment, or it will be disregarded. (*Hole v. Van Duzer*, 11 Ida. 79, 81 Pac. 109; *Coglan v. Beard*, 67 Cal. 303, 7 Pac. 738; *Commercial Bank v. Redfield*, 122 Cal. 405, 55 Pac. 160.) The bill of exceptions in this case contains no specifications of error whatever. The specification of error set forth above is found in the brief of the appellant. This is insufficient under the statute. Before this court can consider the sufficiency of the evidence to support the findings and judgment, the appellant must specify the particulars in which it is alleged the evidence is insufficient, and such specification must be embodied in the bill of exceptions. This is only fair to the trial court, for the reason that if the losing party points

out to the trial court the particulars in which he claims the evidence is insufficient to support the findings and judgment, an opportunity is thereby given the trial court to alter his decision or modify it to conform to the facts as they are alleged and proven. In this case, therefore, the court cannot consider the question as to whether or not the evidence is sufficient to support the findings and judgment of the court.

In the specification above set forth, the appellant alleges that the findings are insufficient to support the judgment, in that they do not respond to the issues, and that no findings have been made of the most material issues in the case as presented by the pleadings.

It is alleged in the complaint that the plaintiffs were partners under the firm name and style of Later Bros.; that on the 15th day of July, 1902, the plaintiffs entered into a contract with one George E. Hill, Sr., which was afterward performed by the respective parties, by which the plaintiffs were to perform services for Hill and to receive as a part of the consideration the property in controversy in this case, being lots 5 and 6 in block 2 of the town of Rigby, valued at $675, and were also to receive from said Hill under said contract $5 worth of water stock in one company, and $7.50 worth of water stock in another company; that thereafter, on the 20th day of July, before any transfer of said property had been made, the plaintiffs made a sale of the property to one Frederick R. Hays for the sum of $675, and that Hays, in order to secure a part of the purchase price, was compelled to make a loan of $400, and in order to secure the payment of said sum of money, asked the plaintiffs for their consent to use the premises as security. The plaintiffs gave their consent with the understanding that the amount borrowed should be turned over to them; that an agreement was then made between Hays and the defendant, which was acquiesced in by the plaintiffs, by which the defendant was to and did loan to said Hays the sum of $400, in consideration that the defendant was to be given a deed of the property as security. The deed was given, and it was agreed verbally and has always been understood and agreed between

the plaintiffs and defendant and said Hays, that the deed, although absolute in form, was to be considered as a mortgage and as security for the payment of the money borrowed, and that in order to avoid the cost and inconvenience of conveyances from Hill to the plaintiffs, and from the plaintiffs to Hays, and from Hays to the defendant, it was agreed by all the parties and directed by the plaintiffs, that George E. Hill, Sr., make a deed direct to the defendant, whereupon she advanced Hays the sum of $400 and executed and delivered an agreement to convey the property mentioned to said Hays on payment of the sum of $400 and interest. Paragraph 4 of the complaint reads as follows: "The said deed from the said Hill to the said defendant, and the said agreement between said defendant and said Hays, and the verbal understanding and agreement between the said plaintiffs and defendant and the said Hays, were all parts of one and the same transaction, i. e., the conveying or mortgaging of said premises to the said defendant as security for the payment of the said sum of $400, and interest thereon."

The complaint further alleges that thereafter Hays transferred all his right, title and interest to said property to these plaintiffs by a quitclaim deed; that on the 3d day of January, 1905, the plaintiffs tendered in lawful money of the United States, $460, the amount due said defendant on said loan, and demanded of the defendant that she execute and deliver to them a certificate of discharge of said mortgage and satisfy the same on the records of said county, or convey the property to said Hays, and that the defendant neglected and refused to do so and still neglects, although the plaintiff is now, and at all times has been, ready and willing to pay the defendant the sum of $460, the amount due her. In the prayer, the plaintiffs ask that the deed referred to from Hill to the defendant be adjudged a mortgage, and that the plaintiffs be adjudged the legal owners in fee of said premises; that an order be made directing the said defendant to convey the said property to these plaintiffs; that the plaintiffs be given a money judgment against the

said defendant for the sum of $100 for failing to comply with sec. 3364, Rev. Stat., and for costs.

The defendant answered, and for want of information as to the partnership of the plaintiffs denies the same; for want of information, she also denies that plaintiffs entered into the contract with George E. Hill, Sr., as alleged in the complaint, and denies that the plaintiffs were to receive from Hill the real property described in the complaint, and for want of belief denies that the plaintiffs made a sale of said property to Hays in order that he might secure a part of the purchase price by a loan, and denies that it was done with the understanding that the amount borrowed should be turned over to the plaintiffs; denies that Hays procured a loan of $400 from the defendant, or at all. The defendant further denies that an agreement was made at all, between Hays and this defendant, by which the defendant was to or did loan to Hays the sum of $400, or any other sum, and denies that the deed was given or that it was agreed verbally or otherwise, that the deed, though absolute, was to be or was considered as a mortgage or as security for such loan, and denies that Hill made a deed to the defendant as security for said $400, or that said deed was intended to be a mortgage; denies that Hays has any interest in the property or ever did have, and in answer to paragraph 4, the defendant denies the same as follows: ''Denies that said or any deed from said Hill to this defendant, and the said agreement between this defendant and the said Hays, and the alleged verbal understanding and agreement between said plaintiffs and this defendant and the said Hays, were all parts of one or the same transaction, that is to say, the conveying or alleged mortgaging of said premises to this defendant as alleged security for the payment of said sum of $400, or any other sum or amount or at all, or interest thereon.''

The defendant then sets up affirmatively that she purchased the property in controversy in this case from George E. Hill, Sr., and wife, and paid therefor $400, and that they made her an absolute, unconditional warranty deed for the same, and that afterward she agreed to sell the property to Frederick

R. Hays for $400, with interest thereon at the rate of twelve per centum per annum, and that she has always understood that she purchased the property absolutely and did not receive the same as security for any loan.

This, in substance, is the issue presented by the pleadings in the case. It will thus be seen that the main point of controversy is, as to whether or not the conveyance made to the defendant and her agreement to resell the property to Frederick R. Hays, and the verbal understandings and agreements altogether constitute one and the same transaction; that is, the conveying or mortgaging of said premises to secure a loan of $400 and interest.

The court finds, first, the partnership of the plaintiffs as alleged; second, that the plaintiffs did not sell the property to Hays for the sum of $675, or any other sum or amount; third, that Hays did not at any time procure a loan of $400 or any other sum or amount from the defendant, and did not borrow from the defendant the sum of $400 or any sum; fourth, that George E. Hill, Sr., did not at any time sell the property to the plaintiffs; that no sale of said property was ever made to the plaintiffs, and that the defendant did not understand nor agree, nor was it agreed by and between all the parties mentioned, that George E. Hill, Sr., was to make a deed direct to the defendant in order to avoid the cost or inconvenience of conveyances from Hill to the plaintiffs, and from plaintiffs to Hays, and from Hays to the defendant; that the property was not mortgaged by Hays to the defendant as security for the payment of the sum of $400, or for the security of any sum whatever; fifth, that on the 19th day of January, 1903, the defendant unconditionally purchased of George E. Hill, Sr., and wife, for the sum of $400, the property described in the complaint, and in consideration of the payment of said $400, said Hill and wife conveyed said property to the defendant by warranty deed; sixth, that on the 20th day of January, 1903, the defendant agreed conditionally to sell said property to Hays for $400, and that Hays agreed to buy the same; seventh, that at the time the deed was executed and delivered by Hill

and wife to the defendant, she understood, and always has understood, that she purchased the property unconditionally, and that Hill and wife absolutely conveyed the property to the defendant, and that the deed was made, executed and delivered to the defendant as an absolute conveyance; eighth, that the written agreement made between Hays and the defendant constitutes a conditional sale of the property; ninth, that at the time said written agreement was made, the defendant understood that she agreed to sell and convey conditionally such property to Hays according to the terms of the agreement, for the sum of $400; tenth, as conclusions of law from the facts found, the defendant absolutely and unconditionally owns the property mentioned, and is vested with title in fee therein.

Upon these findings, the court enters a decree adjudging the defendant to be the owner absolutely and unconditionally of the property described in the complaint and findings.

This court has decided in a number of cases that when the trial court fails to find on all the material issues, the judgment will be reversed, unless a finding thereon, either for or against the successful party, would not affect the judgment entered. (*Tage v. Alberts*, 2 Ida. 271, 13 Pac. 19; *Carson v. Thews*, 2 Ida. 176, 9 Pac. 605; *Bowman v. Ayers*, 2 Ida. 305, 13 Pac. 346; *Wilson v. Wilson*, 6 Ida. 597, 57 Pac. 708; *Standley v. Flint*, 10 Ida. 629, 79 Pac. 815; *Wood v. Broderson*, 12 Ida. 190, 85 Pac. 490.)

It is equally well settled that the finding of ultimate facts includes the finding of all probative facts necessary to sustain the finding of the ultimate facts (*Adams v. Crawford*, 116 Cal. 495, 48 Pac. 488) ; and "Where probative facts are found, and the court can declare that the ultimate facts necessarily result from the facts which are found, the finding is sufficient." (*Alhambra Add. Water Co. v. Richardson*, 72 Cal. 604, 14 Pac. 379.) Examining the findings in this case in view of these legal principles, it is apparent at first glance that the findings in this case are not responsive to the issues, and that the court has failed to find on the material issue in the case. While the court finds that George E. Hill, Sr., conveyed the property

in controversy, absolutely and unconditionally, to the defendant, and that Frederick R. Hays never procured a loan from the defendant, and that the defendant agreed conditionally to sell said property to said Frederick R. Hays, yet more was required in the findings. The findings should have answered the question raised by the pleadings, and that is, whether or not the deed from Hill to the defendant, and the agreement between the defendant and Hays, and the verbal understanding and agreement between the plaintiffs and the defendant and Hays, were all parts of one and the same transaction, and when taken as such, constitute the conveyance by Hill to the defendant as a mortgage to secure the loan of $400. It may have been true, and in fact it was true, so far as the instrument on its face is concerned, that Hill made an absolute and unconditional conveyance to the defendant. It is also true, so far as the instrument on its face is concerned, that the defendant made a conditional bargain to sell the property to Hays, and it may also have been true that the defendant did not loan Hays the $400, for the reason that under the peculiar circumstances of the transaction the money paid is alleged to have been paid to Later Bros. These principal probative facts may have all been true, when separately stated, yet if taken as a whole, and each modified, limited and explained by the other, as one transaction, it still might have been true that all these matters constituted one and the same transaction, and that the deed from Hill to the defendant was in fact and in truth a mortgage. The plaintiffs were entitled to a finding upon this issue. It is the "bone of contention" under the pleadings, and it is the center about which, and to support which, all the evidence would certainly have to be directed under the pleadings. A finding upon this question would certainly affect and control the judgment to be entered. If the finding upon this material issue was in favor of the plaintiff, it is apparent that the judgment must follow the finding and also be in favor of the plaintiff. A failure to find upon this material issue made by the pleadings would affect and control the judgment to be entered by the court, and it being determined that the findings made by the court are not conclusive

against the plaintiff's right to recover, the failure to find upon other material issues is reversible error. (*Gregory v. Gregory*, 102 Cal. 50, 36 Pac. 364; *Dyer v. Brogan*, 70 Cal. 136, 11 Pac. 589.)

We are, therefore, clearly of the opinion that the court failed in this case to find upon the material issues in the case, and that the judgment must be reversed.

The appellant has assigned fifty-five alleged errors of the trial court, in admitting evidence and in refusing to admit evidence, and in overruling motions to strike out evidence, etc. We have carefully examined each of these questions, and while in some instances the court may have erred in admitting evidence, the errors under the issues of this case were harmless and could not in any way have prejudiced the plaintiffs. Some of the objections to the admission of evidence were general, such as, "I object." This is not sufficient to secure a review of the ruling of the trial court by this court. If counsel desire to urge in this court that the trial court erred in admitting evidence, or in refusing to strike out evidence, or in refusing to admit evidence, the objection must point out the reason for the objection, and thereby give the trial court an opportunity to pass upon the question presented to this court. It may occur that the trial court, after counsel have given the reason why an objection to the introduction of evidence is made, will readily see the correctness of the position of counsel, and can correct the alleged error before it is too late, so if counsel desired to present to this court an objection to the admission or rejection of evidence, he should specifically point out the particulars on which the objection is founded.

The judgment, therefore, in this case is reversed, and the lower court is directed to make new findings of fact covering all the material issues in this case, and enter judgment accordingly.

Costs awarded to the appellant.

Ailshie, C. J., and Sullivan, J., concur.