(January 28, 1909.)

## PETER LATER et al., Appellants, v. MARTHA HAYWOOD, Respondent.

[99 Pac. 828.]

LAW OF THE CASE—SUFFICIENCY OF EVIDENCE.

1. Where an appeal has been taken from a judgment and order denying a motion for a new trial, and the insufficiency of the evidence has been assigned as grounds for a reversal of the judgment, and the appellate court has refused to consider the evidence for the reason that the statement and bill of exceptions contained no specifications of particulars wherein the evidence was alleged to be insufficient, and the judgment was reversed and the cause remanded on account of the insufficiency of the findings, and the trial court was directed to make new findings upon the evidence already introduced, and enter judgment accordingly; on a subsequent appeal from the amended or new findings and judgment, the decision by the appellate court on the former appeal is not *res adjudicata* as to the sufficiency of the evidence.

2. Evidence in this case examined, and *held*, that it presents such a substantial conflict that the judgment cannot be disturbed.

(Syllabus by the court.)

APPEAL from the District Court of the Sixth Judicial District for the County of Fremont. Hon. J. M. Stevens, Judge.

Action by the plaintiffs to declare a deed a mortgage. Judgment for defendant. Plaintiffs appeal. *Affirmed.*

Soule & Soule, for Appellants, cite no authorities on points decided.

W. H. Holden, and E. M. Holden, for Respondent.

The question as to plaintiff's right to object to the sufficiency of the evidence to support the findings and to have such objections reviewed and considered was directly raised, and was squarely before this court on the former appeal of this case, as were the fifty-five alleged errors of the trial court and the sufficiency of the findings to support the judgment. The questions there determined have become *res adjudicata,* and are not open to re-examination or reconsideration by this court. (*Hall v. Blackman,* 9 Ida. 555, 75 Pac. 608.)

· Where the evidence is conflicting and the case is tried to the court, and it appears from the transcript that the judgment is fully justified by evidence, the judgment will not be reversed. (*Robbins v. Porter,* 12 Ida. 738, 88 Pac. 86; *Stuart v. Hauser,* 9 Ida. 53, 72 Pac. 719.)

AILSHIE, J.—This is an appeal from a judgment. The only assignment of error is that the evidence is insufficient to justify or sustain the findings and judgment of the court.

This action has been here twice before; first on an appeal from a judgment of nonsuit (12 Ida. 78, 85 Pac. 494), and again on an appeal from the judgment and order denying a motion for a new trial. (14 Ida. 45, 93 Pac. 374.) On the latter appeal the judgment was reversed and the case was remanded, with directions to the trial court to make new findings covering all the issues in the case, these findings to be based upon the evidence previously given. The trial court accordingly made findings, and entered judgment in favor of the defendant, and this appeal is taken from that judgment, and it is urged that the evidence is insufficient to support the findings of the court. On the previous appeal this same as-

signment was made by the appellant, and the court refused
to consider the sufficiency of the evidence for the reason
that the statement and bill of exceptions contained no spe-
cifications of particulars in which the evidence was alleged
to be insufficient to sustain the findings and judgment. (14
Ida. 48, 93 Pac. 374.) It is contended by the respondent on
this appeal that since the appellants have had one appeal
from a judgment based on the identical evidence here pre-
sented, and urged the insufficiency of the evidence, and were
unsuccessful for the reason that they failed to specify par-
ticulars in which the evidence was insufficient to sustain the
findings and judgment, the decision in that case is therefore
the *law of the case,* and they cannot again be heard to urge
the insufficiency of the evidence on this appeal. This con-
tention is not well founded. This is an entirely new judg-
ment resting upon sufficient findings duly and regularly made.
When the judgment was reversed on the last appeal, the case
was remanded in all respects the same as if for a new trial,
but instead of ordering and directing that the evidence be
again produced before the court, this court directed that the
trial judge make new findings based upon the evidence pre-
viously introduced in the case. The judgment entered upon
those findings stands, to all intents and purposes, the same
as if entered upon a new trial, and this is the first and only
appeal ever taken from that particular judgment.

The appellants now challenge the sufficiency of the evidence
in the case to support the findings made by the court. We
have examined the evidence in this case on several occasions.
First, we examined the evidence that was brought here on the
appeal from the judgment of nonsuit. We again examined
it on appeal from the judgment and order denying a motion
for a new trial, and have again examined it on this appeal.
There is a clear and substantial conflict in the evidence.
There is substantial evidence in the record to support the
findings of the trial court. It must be admitted, on the other
hand, that the preponderance of evidence is with the ap-
pellants, but we cannot reverse the judgment simply because
the preponderance of the evidence is against the judgment.

The rule is firmly established in this court that it will not reverse a judgment where there is a substantial conflict in the evidence, and this rule applies as well in equity cases heard upon oral testimony as in law cases. (*Stuart v. Hauser,* 9 Ida. 53, 72 Pac. 719; *Morrow v. Mathews,* 10 Ida. 433, 79 Pac. 196; *Robbins v. Porter,* 12 Ida. 738, 88 Pac. 86.)

The judgment should be affirmed, and it is so ordered, with costs in favor of respondent.

Stewart, J., concurs.