[No. 2174, Aug. 10, 1918.]
## PECOS VALLEY TRADING CO. v. ATCHISON, T. & S. F. RY. CO.

### SYLLABUS BY THE COURT.

1.   In an action by a shipper against a carrier to recover for a failure of the carrier to divert, carry, or deliver goods or merchandise, the fact that the property was taken from the carrier by virtue of legal process, fair on its face, in an action of which the shipper was given prompt notice by the carrier, and in which the shipper was either party, was heard, or had an opportunity to be heard, is a complete defense and bar to the action.                          P. 483

2.   Where the goods are taken from the bailee by legal process, and he gives notice thereof to the owner so that the owner has the opportunity to litigate his right to the property, the bailee is discharged.                          P. 484

3.   Conclusions of law based on findings of fact outside the issues raised by the pleadings cannot be sustained, and will not support a judgment.                          P. 484

4.   Where a bailor has due notice of the proceedings in which the property is taken from the bailee, and the court has jurisdiction, it is the duty of the bailor to protect his interests in such litigation, and if he fails to do so, it is of no importance whether the action of the court in sustaining the attachment proceedings or other action was erroneous as a matter of law or not.                          P. 485

Appeal from District Court, Chaves County; Richardson, Judge.

Pecos V. T. Co. v. A. T. & S. F. Ry. Co., 24 N. M. 480.

Action by the Pecos Valley Trading Company against the Atchison, Topeka & Santa Fe Railway Company. Judgment for plaintiff, and defendant appeals. Reversed, with instructions.

W. C. REID, C. M. BOTTS and G. S. DOWNER, all of Albuquerque, for appellant.

In an action by a shipper against a carrier to recover for a failure of the carrier to divert, carry or deliver a certain car of hay, the fact that the property was taken from the carrier by virtue of legal process fair on its face in an action in which the shipper was either a party, was heard, or had an opportunity to be heard, is a complete defense and bar.

Burton v. Wilkinson, 46 Am. Dec. 145 (1846) ; Stiles v. Davis, 1 Black 101 (U. S.) (1861) ; Ohio & Mississippi Ry. Co. v. Yohe, 19 Am. Rep. 727 (1875) ; Robinson v. Memphis & C. R. Co., 16 Fed. 57 (1883) ; McVeagh v. A. T. & S. F. Ry. Co., 5 Pac. 457 (N. M.) (1885) ; Pingree v. Detroit L. & N. R. Co., 11 Am. St. Rep. 479 (1887) ; The M. M. Chase, 37 Fed. 708 (1889) ; Jewett v. Olsen, 23 Pac. 262 (1890) ; Indiana, etc., Ry. Co. v. Doiemeyer, 67 Am. St. Rep. 264 (1898) ; Franks Bros. Co. v. Central R. Co. of N. J., 9 Pa. Sup. Ct. 129 (1898) ; Glass v. Hauser, 83 N. Y. Supp. 177 ; Cleveland C. C. & St. L. Ry. Co. v. Anderson Tool Co., 103 N. E. 102 ; Dancinger v. A. T. & S. F. Ry. Co., 179 S. W. 800 ; Burkee v. Great N. R. Co., 158 N. W. 41 ; 3 R. C. L., title Bailments, Sec. 18, p. 18 ; Vol. 4 Elliott on Railroads, Secs. 1461 and 1537.

GIBBANY & EPSTEIN, of Roswell for appellee.

There being no personal judgment against plaintiff and no issue before Georgia court as to ownership of hay, and ownership in Levers & Co. being admitted by the garnishee, proposition of ownership was not decided in that case, hence is not res adjudicata.

Lea. v. Lea, 96 Am. D. 77, 778; Riley v. Pearson, L. R. A. 1916, D. 7.

Property shipped under "shipper's order bill of lading" cannot be attached.

Moore on Carriers, Sec. 15.

### OPINION OF THE COURT.

PARKER, J. This is an action by appellee against the appellant as a common carrier. The complaint alleged that appellee, on February 26, 1916, shipped a carload of hay from Orchard Park, N. M., to Heflin, Ala. The usual bill of lading was issued to the appellee. While in transit the car was diverted, by order of the appellee, to Atlanta, Ga., and consigned to the order of R. E. Levers & Co., with instructions to notify L. D. Lowe. On arrival in Atlanta the car was refused by Lowe, and disposition thereof requested by the railway company. On March 30th, the hay in the car was levied upon and seized under a writ of attachment by the deputy marshal of the municipal court of Atlanta, Ga. A writ of garnishment was also served on the railway company, and prompt notice was given to the appellee and R. E. Levers & Co. And it otherwise appears that plaintiff had prompt knowledge of the pendency of the action at Atlanta, Ga., and ample time and opportunity to protect its claimed title to the hay. Affidavits and claims to the property, first, by the First National Bank of Roswell, and, later, by the bank and appellee, were filed in the Georgia action. The railroad company answered as garnishee, stating in its answer: First, that it had no money, property, or effects in its hands belonging to the defendant in that action, R. E. Levers & Co. By the fifth paragraph of its answer the railway company alleged:

"That at the time of the service of the said summons of garnishment garnishee had in its yards a carload of hay contained in Atchison, Topeka & Santa Fe Railway Company car No. 27612, which was consigned to L. D. Lowe, the

waybill on which showed it to have been shipped by the defendant herein; but this garnishee avers it is informed and believes that the said carload of hay belonged to the First National Bank of Roswell, N. M., and was not the property of the defendant."

The Georgia court sustained the attachment proceedings, and ordered the property sold, and gave judgment for the attaching creditor in that action. The record before this court shows that the municipal court of Atlanta had jurisdiction of the subject-matter and of the parties, and such judgment is to have full faith and credit given it in the courts of this state. After the seizure of the hay, under process issued by the municipal court of Atlanta, appellee requested a diversion of the hay to Jacksonville, Fla. This action was instituted against the appellant for failure to carry and deliver the car in accordance with the contract contained in the bill of lading. The court made findings of fact and stated conclusions of law, and entered judgment in favor of the appellee for the value of the hay in question. To review such judgment this appeal is prosecuted.

[1] Appellant advances, first, a legal proposition that, in an action by a shipper against a carrier to recover for a failure of the carrier to divert, carry, or deliver goods or merchandise, the fact that the property was taken from the carrier by virtue of legal process, fair on its face, of which the shipper was given prompt notice by the carrier, and in which the shipper was either party, was heard, or had an opportunity to be heard, is a complete defense and bar to the action. That this proposition is correct is sustained by practically all the authorities. Hutchinson on Carriers, §§ 738-740; American Express Co. v. Mullins, 212 U. S. 311, 29 Sup. Ct. 381, 53 L. Ed. 525, 15 Ann. Cas. 536; Ohio & Mississippi R. Co. v. Yohe, 51 Ind. 181, 19 Am. Rep. 727, and cases cited; Roberts v. Stuyvesant, Safe Deposit Co., 123 N. Y. 57, 25 N. E. 294, 9 L. R. A. 438, 20 Am. St. Rep. 718, and note to the case of Jensen v. Eagle Ore Co., 19 Ann. Cas. 519. Many other authorities might be cited,

but the proposition is too well settled to require further citation of authority.

[2] Appellee argues that the affidavits filed by the attorneys for the Southern Railway Company in the municipal court made by appellant herein, on its behalf asserting its claim to the property, was not an appearance in the Georgia court; hence it is not bound by the judgment. But whether it appeared in the attachment proceedings in the Atlanta court is wholly immaterial, the question being whether the shipper received timely notice by the railway company of the attachment proceedings. Where the goods are taken from the bailee by legal process, and he gives notice thereof to the owner, so that the owner has the opportunity to litigate his right to the property, the bailee is discharged. Bliven v. Hudson River R. Co., 36 N. Y. 403.

[3] Appellee in its brief contends that the court found that there was collusion in this case between the Southern Railway Company and the attaching creditor. This argument, evidently followed by the trial court, is based upon the fact that, in its answer in the Georgia court, the Southern Railway Company stated that R. E. Levers & Co. was the shipper of the goods. There are two answers to this contention, either of which is sufficient to dispose of it adversely to appellee. First. No such issue was made by the pleadings, and if the court found such a fact it was outside the issues. Conclusions of law based upon findings of fact outside the issues raised by the pleadings cannot be sustained, and will not support a judgment. Fiske v. Casey, 4 Cal. Unrep. 558. 36 Pac. 668; Carson v. Thews, 2 Idaho 176, 9 Pac. 605; Thomas v. Dale, 86 Ind. 435; Koons v. First National Bank, 89 Ind. 178. Many other authorities to the same effect might be cited. Secondly. We do not believe that the facts disclosed by the record warranted a finding that there was collusion between the railway company and the attaching creditor. In its answer the Southern Railway Company denied that it had in its hands any money, property, or effects belonging to R. E. Levers &

Pecos V. T. Co. v. A. T. & S. F. Ry. Co., 24 N. M. 480.

Co., or that it was indebted to the defendant in any sum whatever. In the fifth paragraph of its answer it alleged that it had in its yard a carload of hay, contained in an Atchison, Topeka & Santa Fe Railway car No. 27612, which was consigned to L. D. Lowe, the waybill on which showed it to have been shipped by the defendant, R. E. Levers & Co., but the garnishee alleged that upon information and belief the carload of hay belonged to the First National Bank of Roswell, N. M., and was not the property of the defendant.

[4] At the time the answer was filed the bill of lading was owned by the First National Bank of Roswell as security for money advanced, but later and before the hearing in the Georgia court the draft was taken up by the appellee herein, and the bill of lading was transferred to it by the bank. The answer in itself does not disclose bad faith on the part of the railway company, and fails to show collusion with the attaching creditor, or fraud. The appellee having had due notice of the proceedings in the Georgia court, it was its duty to protect its interests there. Having failed to do so, it is of no importance whether the action of the Georgia court was erroneous as a matter of law or not. It had jurisdiction of the subject-matter and of the parties before it and over the property, and, having determined that the hay was the property of R. E. Levers & Co., and sold it under the attachment, appellee cannot hold the railway company liable.

For the reasons stated, the judgment will be reversed, with instructions to the lower court to enter judgment for appellant; and, it is so ordered.

HANNA, C. J., and ROBERTS, J., concur.