(No. 5528. January 24, 1931.)

J. D. EARHART, Appellant, v. JOHN M. WRIGHT and EDWARD MEYER, Respondents.

[295 Pac. 630.]

Turner K. Hackman, for Appellant.

Sweeley & Sweeley, for Respondents.

VARIAN, J.—The facts material to the issue here are substantially as follows: Appellant Earhart is the owner of the northeast quarter of the southeast quarter of sec. 32, Twp. 9 S., R. 7 E., B. M., and respondent Meyer owns the west half of said southeast quarter adjoining appellant's land on the west. Respondent Wright is the tenant in possession of said last-named premises under lease from Meyer. About 465 feet east of the dividing line between the lands of Earhart and Meyer, a supply ditch of the Twin Falls Canal Company running northwesterly crosses the north line of said southeast quarter of said section 32. Meyer built a small lateral in 1907, across the north end of appellant's land, from the supply ditch to irrigate certain portions of his lands. In 1912 appellant's predecessor in interest plowed in and planted a row of cherry trees in said lateral ditch, moving the original ditch slightly to the north of its first location. In May, 1929, appellant constructed a new lateral ditch, approximately six feet south of, and parallel to, the former ditch and the row of cherry trees. Thereafter, on May 18, 1929, he constructed a barbed-wire fence, setting the posts in the old lateral ditch, and posted a sign, "Warning Keep Out" on his premises. Respondent

Wright then caused a warrant to issue for appellant's arrest, charging him with obstructing said lateral ditch by placing fence-posts therein. Earhart brought this suit to enjoin the criminal proceeding and for damages, setting up the construction by him of the new lateral ditch because the old ditch was washing away the soil and damaging his said cherry trees, and the negligent use of said ditch by Wright and Meyer, all resulting in damage to said cherry trees.

On a rule to show cause, a temporary injunction issued restraining the prosecution of the criminal action, *pendente lite*. The answer denied appellant's right to change the ditch or that he has been damaged. The cause was tried to the court without a jury, and resulted in the temporary injunction being made permanent, the court concluding that respondents were entitled to use the new ditch, together with the right of ingress and egress for the purpose of maintaining and keeping said ditch in repair and for the purpose of turning water therein from Twin Falls Canal Company's lateral, hereinbefore termed a supply ditch. No damages or costs were allowed.

In addition to the provisions referred to, the decree adjudged that the respondents "be and they are given the right to construct, install and maintain at their own expense, upon the premises of the plaintiff (appellant) a stile over the fence of the plaintiff on the north line of his land, at or near the head of said new ditch, for the purpose of enabling the defendants (respondents) conveniently to have access to said new ditch for the purpose of running and controlling water therein and to keep said ditch in repair and in proper condition for its intended use." Plaintiff appeals from the portions of the judgment denying costs and permitting respondents to construct a stile over his fence.

■■ Appellant does not urge the matter of costs and confines his argument solely to the question of the location of the stile. Appellant had the right, at his own expense, to change the ditch in question to another part of his land, provided the change did not impede the flow of water therein or otherwise injure the persons using, or interested in, said

ditch (C. S., sec. 5660) and that said new ditch should be maintained by the persons interested therein and owning the right to use water through the same. (See *Crawford v. Inglin*, 44 Ida. 663, 258 Pac. 541.) On the oral argument the right of respondents to a means of ingress and egress to appellant's lands for the purpose of operating and maintaining their ditch and the authority of the trial judge to fix a point where such means (gate or stile) might be placed, was conceded. Appellant contends, however, that the cherry trees, now in full bearing, are very valuable, and that there is a road across the north end of his lands used by the public, and the stile, if placed where the court ordered, would enable thieves to more readily gain access to his premises to steal cherries, and that the stile should be placed on the west line of his property enabling respondents to come on to the ditch at its west end, instead of its east end, where the diversion box is installed.

There are references to a road at the north of appellant's lands but there is nothing in the record showing its character, or the extent of its use, nor is the fence described other than as a barbed-wire fence consisting of four wires upon posts about a rod apart. Clearly, such a fence would not prevent humans from going upon appellant's premises, the stile making such access merely more convenient. Under the facts shown, we are constrained to hold that the trial court did not abuse its discretion in placing the stile near the head of respondents' lateral ditch.

At the hearing, appellant moved to strike the supplemental transcript and respondents' brief. Both were filed too late under the rules (23 and 43) and no excuse for the delay is offered. The motions will be granted and respondents denied costs.

Judgment affirmed. No costs allowed.

Lee, C. J., Givens and McNaughton, JJ., and Adair, D. J., concur.